UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No.: 2:16-cv-00497-APG-BNW |
| Plaintiff | **Order** |
| v. | [ECF No. 73, 75, 76, 80, 88] |
| FIESTA DEL NORTE HOMEOWNERS ASSOCIATION, et al., | |
| Defendants | |

Plaintiff Nationstar Mortgage LLC (Nationstar) sues to determine whether a deed of trust still encumbers property located at 5638 Via Victoria Street in North Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association, defendant Fiesta Del Norte Homeowners Association (Fiesta).[1] Nationstar seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Fiesta and Fiesta's foreclosure agent, defendant Absolute Collection Services, LLC (Absolute). Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the HOA sale. SFR counterclaims and cross claims to quiet title against Nationstar, U.S. Bank, N.A. (Bank), and the former homeowner, Tracey Flores.[2] SFR also asserts a slander of title claim against Nationstar.

SFR moves for summary judgment, arguing that Nationstar did not have standing when it filed suit because the assignment of the deed of trust to Nationstar was a rogue filing that transferred no interest to Nationstar. SFR contends Bank cannot now be substituted as plaintiff because, given Nationstar's lack of standing, there was no subject matter jurisdiction to support

---

[1] Fiesta has not appeared in this action.

[2] SFR voluntarily dismissed its claim against Mortgage Electronic Registration Systems, Inc. and Jeffrey Flores. ECF Nos. 43, 70.

the complaint at the outset of the litigation. Alternatively, SFR argues Nationstar's declaratory relief claim is untimely, tender would not have been futile, and the sale was properly conducted. SFR also moves for default judgment against Tracey Flores.

Nationstar and Bank oppose SFR's motion and move for summary judgment, arguing Nationstar's declaratory relief claim is timely and tender was futile because Absolute communicated to Bank's prior servicer that it would not accept a tender payment. Alternatively, they contend the sale should be equitably set aside. They dispute that Nationstar lacked standing and alternatively move for Bank to be joined or substituted. And they move for summary judgment on SFR's slander of title counterclaim, arguing SFR cannot show Nationstar recorded a document with knowledge that the HOA sale had extinguished the deed of trust.

Finally, Magistrate Judge Weksler recommends that I enter default judgment against Absolute for its failure to comply with court orders and retain counsel to represent it in this case. SFR objects because entry of default judgment against Absolute might unfairly prejudice SFR.

The parties are familiar with the facts of this case, so I repeat them here only where necessary to resolve the motions. I deny Nationstar's motion to join or substitute Bank because I deny SFR's motion for summary judgment based on standing. Nationstar was the loan servicer at the time it filed suit, and SFR does not dispute that as Bank's servicer, Nationstar could sue to protect the deed of trust. I deny SFR's motion based on the statute of limitations because Nationstar's declaratory relief claim is timely. I deny the parties' competing motions for summary judgment on the merits of Nationstar's declaratory relief claim and SFR's quiet title counterclaim because genuine disputes remain regarding futility of tender and whether the sale should be equitably set aside. I grant Nationstar's motion for summary judgment on SFR's slander of title counterclaim because SFR presents no evidence to support it. I grant SFR's

motion for default judgment against Tracey Flores. I modify Judge Weksler's recommendation and direct the clerk of court to enter default against Absolute. Finally, because no party moved for summary judgment on Nationstar's damages claims against Absolute and Fiesta, those claims remain pending.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**A. Standing and Joinder**

In its motion for summary judgment, SFR contends Nationstar lacked standing to bring suit because the assignment of the deed of trust from Bank of America to Nationstar was a rogue filing, as Bank of America had no interest to assign to Nationstar. SFR admits that a loan

servicer may bring an action to protect the deed of trust. But it denies that Nationstar was the loan servicer at the time Nationstar filed the complaint.

Nationstar and Bank (who is a party to this case as a counterdefendant to SFR's quiet title counterclaim) respond that Nationstar was Bank's servicer at the time it filed suit and thus had standing. Alternatively, they argue that if I am inclined to agree with SFR, then I should grant their motion for Bank to substitute or join as a plaintiff. In response to the motion to substitute or join, SFR argues there is no evidence Bank has an interest in the property because loans placed in the trust for which Bank acts as trustee should have been placed in the trust in 2007 but this loan was not transferred to Bank until 2011. SFR also contends Nationstar has not presented sufficient evidence that Nationstar serviced the loan at the time it filed suit or that it had a power of attorney to act on Bank's behalf at that time. Finally, SFR contends Nationstar and Bank cannot satisfy Federal Rule of Civil Procedure 17(a)(3)'s requirements for substitution.

To "withstand a motion for summary judgment on the ground that the plaintiff lacks standing, a plaintiff cannot rely on mere allegations but rather must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quotation omitted). Thus, at this stage of the proceedings, I ask "whether a fair-minded jury could find that the claimant had standing on the evidence presented." *Id.* (quotation omitted).

The deed of trust identified the beneficiary as MERS. ECF No. 74-1 at 10. In November 2011, MERS assigned the deed of trust to Bank as trustee for the certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE1. ECF No. 74-1 at 52. In July 2013, Nationstar became the servicer for the loan and it remains the servicer to this day. ECF Nos. 76-3 at 3; 86-1 at 6; 92-1 at 10.

In November 2013, Bank of America purported to assign the deed of trust to Nationstar, even though there is no evidence the deed of trust had ever been assigned to Bank of America. ECF No. 74-1 at 78. In August 2018, Bank of America recorded a discharge of the assignment to Nationstar, indicating that it had been recorded in error. ECF No. 88-4.

There is no genuine dispute that Nationstar was the loan servicer at the time this case commenced. Both Nationstar and Bank of America's witnesses state under oath that Nationstar became the servicer in July 2013. SFR has presented no evidence to the contrary. SFR admits that if Nationstar was the loan servicer at the time it filed suit, then it had standing. *See* ECF No. 74 at 6; *see also Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 396 P.3d 754, 757 (Nev. 2017) (en banc) (stating that "several courts have recognized that a contractually authorized loan servicer is entitled to take action to protect the loan owner's interests").

SFR's challenges to Bank's interest in the property fare no better. Bank is the beneficiary of record and SFR does not identify any defect in the chain of assignments through which Bank obtained its interest. SFR does not contend that a tardy transfer of the loan into the trust makes the transfer void, as opposed to voidable, so SFR lacks standing to object to the transfer of the loan into the trust for which Bank is trustee. *See Greenwood v. Ocwen Loan Servicing, LLC*, 800 F. App'x 502, 504 (9th Cir. 2020) (affirming dismissal because the borrowers "could not state a claim based on alleged irregularities in the assignments of the promissory note and deed of trust"); *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a person who is not a party or an intended third-party beneficiary of a contract lacks standing to challenge the validity of a voidable assignment). Finally, SFR's contention that some documents in other cases have been shown to be incorrect or inauthentic does not raise an issue of fact in this case. SFR must show "more than metaphysical doubt as to the material facts," and it "has not done so here."

*Berezovsky v. Moniz*, 869 F.3d 923, 933 (9th Cir. 2017) (quotation omitted). Speculation that there might be errors in Bank's chain of assignments is insufficient to preclude summary judgment. *Emeldi v. Univ. of Oregon*, 698 F.3d 715, 728 (9th Cir. 2012).

Because Nationstar had standing to file this suit, I deny SFR's motion for summary judgment on the basis of lack of subject matter jurisdiction. And because Nationstar continues to be the loan servicer, it has not lost its interest in this litigation. Consequently, there is no need to join or substitute Bank as a plaintiff, so I deny Nationstar's motion to join or substitute Bank. *See* ECF No. 88 (stating that if I agree with Nationstar's argument that it has standing as the loan servicer, then I "need not further consider the motion" to substitute or join).

### B. Declaratory Relief/Quiet Title

#### 1. Statute of Limitations

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on December 11, 2012. ECF No. 74-1 at 69. The complaint was filed less than four years later in March 2016. ECF No. 1. Nationstar's declaratory relief claim thus is timely.

#### 2. Futility of Tender

Nationstar argues that tender was futile because Absolute told the prior loan servicer that the deed of trust was senior to the HOA's lien and that the superpriority lien would not be triggered until a foreclosure under the deed of trust. Nationstar argues this shows Absolute would not have accepted a tender payment of the superpriority amount prior to the HOA sale.

SFR contends the evidence shows Absolute would accept payments so long as they were not marked as "paid in full," so tender was not futile.

Bank of America was the servicer for the loan at the time of the HOA foreclosure. ECF No. 86-1 at 6. Bank of America hired the law firm Miles, Bauer, Bergstrom & Winters (Miles Bauer) to communicate with Absolute. ECF No. 76-7 at 51. After receiving the notice of default, Miles Bauer sent a letter to Absolute requesting information about the amount of the assessments owed and offering to pay that amount "upon adequate proof of the same by the HOA." *Id.* at 52. Absolute responded in a letter that stated the following:

> I am in receipt of your most recent correspondence regarding a Statement of Account for the above-mentioned property. Please note that in conversations past, you had stated your client[']s position of paying for 9 months of assessments and no late fees, collection costs, etc., all occurring ***before*** foreclosure by your client.
> I am making you aware that it is our view that without the action of foreclosure, a 9 month Statement of Account is not valid. At this time, I respectfully request that you submit the Trustees Deed Upon Sale showing your client's possession of the property and the date that it occurred. At that time, we will provide a 9 month super priority lien Statement of Account.
> As discussed, any Statement of Account from us will show the entire amount owed. We intend to proceed on the above-mentioned account up to and including foreclosure. All such notifications have been and will be sent to all interested parties. We recognize your client's position as the first mortgage company as the senior lien holder. Should you provide us with a recorded Notice of Default or Notice of Sale, we will hold our action so your client may proceed.
> Per our previous conversation, a Statement of Account costs $50 and is not good for a sale/transfer of the property. If, after reviewing the information above, you would still like a Statement of Account, [then instructions are provided on how to obtain it].

*Id.* at 53 (emphasis in original). Miles Bauer did not further communicate with Absolute regarding this property.

When questioned about what Absolute meant in its letter, Absolute's owner, Kelly Mitchell (Mitchell), testified that Absolute disagreed with Miles Bauer's position that the

superpriority lien did not include collection costs but that if the bank wanted a statement of the homeowner's account, "they could contact us and we would provide it, and then they could pay what they wanted from it." *Id.* at 17.  According to Mitchell, Absolute was not taking the position in its letter that the superpriority lien was not triggered until the bank foreclosed. *Id.* at 27-28.  Rather, Absolute's position was that the HOA's entire lien was not paid in full until the bank foreclosed because even if the bank paid the superpriority amount, the HOA lien would still consist of subpriority amounts and thus would not be fully satisfied. *Id.*

According to Mitchell, Absolute's letter was not intended to convey to Miles Bauer that Absolute would reject payments. *Id.* at 32.  To the contrary, Mitchell testified that partial payments would be accepted unless Miles Bauer put the words "paid in full" on the check. *Id.* at 19-20; *see also id.* at 60.  At some point in time, Miles Bauer stopped putting "paid in full" on the checks, and Absolute accepted all of those checks. *Id.* at 20.  It is unclear from the record when Miles Bauer implemented this change.

Viewing the facts in the light most favorable to either party on the other's summary judgment motion, genuine disputes remain regarding whether tender would have been futile.  The evidence regarding what Absolute's policies were, and what and when Miles Bauer knew about Absolute's policies, is not sufficiently clear to entitle either party to summary judgment on futility.  Nationstar relies on *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 435 P.3d 1217 (2019) to argue that the Supreme Court of Nevada found tender was futile on similar communications between Miles Bauer and Absolute.  But *Jessup* was overturned on reconsideration en banc. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, 462 P.3d 255 (Nev. 2020).  Consequently, I deny both parties' motions for summary judgment on futility of tender.

### 3. Equitably Setting Aside the Sale

To equitably set aside the sale, there must be proof of an inadequate price plus "some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017) (quotation omitted). Where the price inadequacy "is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression." *Id.* at 643. However, the fraud, unfairness, or oppression must have affected "the sale itself." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nev. Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (emphasis omitted). And even where there is an inadequate price brought about by fraud, unfairness, or oppression, I am not required to set aside the sale. Rather, I must weigh all of the equities, including the lienholders' inaction and the impact the requested relief may have on a bona fide purchaser. *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1114-15 (Nev. 2016) (en banc). Nationstar bears "the burden to show that the sale should be set aside in light of [SFR's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with [Nevada Revised Statutes] Chapter 116's provisions." *Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 646 (internal citations omitted).

As with the futility argument, genuine disputes remain regarding whether the sale should be equitably set aside. Absolute's letter to Miles Bauer is open to interpretation regarding whether Absolute was conveying that the HOA's superpriority lien was subordinate to the deed of trust. As discussed above, Absolute's policies, Miles Bauer's understanding of those policies, and the timing of the parties' course of communications vis-à-vis this property is not clear. The question of how that may bear on the equities is not suitable for resolution at summary judgment on this record.

However, I deny Nationstar's motion to the extent it is based on due process as applied. There is no genuine dispute that Bank of America received the notice of default, knew the deed of trust was in jeopardy, contacted the proper entity to obtain information about how to satisfy the superpriority amount, and was told how to obtain that information. It therefore had adequate notice and an opportunity to respond to preserve the deed of trust. *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 (9th Cir. 1990) ("The fundamental requirements of procedural Due Process are notice and an opportunity to be heard . . . .").

*4. Summary*

Nationstar's declaratory relief claim is timely. But genuine disputes remain regarding futility of tender and whether the sale should be equitably set aside. I therefore deny the parties' motions for summary judgment on Nationstar's declaratory relief claim and SFR's quiet title counterclaim.

**C. Slander of Title**

"Slander of title involves false and malicious communications . . . disparaging to one's title in land." *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987). SFR presents no evidence that Nationstar acted with malice when it recorded a request for notice in relation to the property. I therefore grant Nationstar's motion for summary judgment on this claim.

**D. Default Judgment Against Tracey Flores**

SFR moves for default judgment on its quiet title cross claim against the former homeowner, Tracey Flores. Flores did not respond. Because no one argues the HOA sale should be equitably set aside entirely (as opposed to SFR taking the property subject to the deed of trust), I will address SFR's motion for default judgment against Flores without waiting for resolution of the declaratory relief/quiet title dispute between SFR, Nationstar, and Bank.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may seek entry of default judgment under Rule 55(b).

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). Nonetheless, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). The "general rule [is] that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Peno v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Whether to grant a default judgment lies within the district court's discretion. *Id.*

I consider the following factors in determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-72.

SFR has satisfied the procedural requirements for default judgment. The clerk entered default against Flores. ECF No. 72. Flores has not appeared in this case. Thus, there is no procedural impediment to entering a default judgment.

The first *Eitel* factor considers whether SFR will suffer prejudice if a default judgment is not entered. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Next Gaming, LLC v. Glob. Gaming Grp., Inc.*, No. 214-CV-00071-MMD-CWH, 2016 WL 3750651, at *3 (D. Nev. July 13, 2016). Flores has failed to defend the lawsuit. If default judgment is not entered, SFR will be unable to pursue its claim against Flores. This factor weighs in favor of entry of default judgment.

The second and third *Eitel* factors favor a default judgment when the "plaintiff state[s] a claim on which the plaintiff may recover." *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978); *see also* Fed. R. Civ. P. 8. SFR's cross claim seeks a declaration that the HOA foreclosure sale extinguished Flores's interest in the property. SFR alleges that it acquired the property by successfully bidding for it at a properly conducted, publicly held HOA foreclosure sale. ECF No. 31 at 9-11. I must accept these allegations as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo*, 826 F.2d at 917-18. At the time of this foreclosure sale, a properly conducted HOA foreclosure sale extinguished the prior homeowners' interest and vested title in the purchaser "without equity or right of redemption." Nev. Rev. Stat. § 116.31166 (2012). Thus, the second and third *Eitel* factors weigh in favor of the entry of a default judgment declaring that Flores's interest in the property has been extinguished.

In assessing the fourth *Eitel* factor, I consider "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by [the] defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Earth Enters., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010)); *PepsiCo., Inc.*, 238 F. Supp. 2d at 1176. SFR's request that title be quieted in its favor as against

Flores is proportional to the effect of a properly conducted HOA foreclosure sale on a former homeowner. SFR does not seek any monetary relief against Flores. Thus, the fourth *Eitel* factor is satisfied as to the relief requested.

The fifth *Eitel* factor weighs the possibility of a dispute regarding material facts in the case. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted). Flores's failure to respond suggests there are no disputed material facts. Thus, the fifth *Eitel* factor weighs in favor of entry of default judgment.

The sixth *Eitel* factor considers whether the defendant's default is due to excusable neglect. *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. The clerk of court entered default on March 16, 2020, and Flores still has not appeared. ECF No. 72. There is no evidence before me that the failure to respond is due to excusable neglect. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a corporation that failed to appear in the action). Given the time period during which Flores had notice of this action yet failed to appear, it is unlikely that Flores failed to respond due to excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of entry of default judgment.

Finally, the seventh *Eitel* factor takes into account the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But Flores's failure to respond to the complaint "makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering a default judgment. A decision on the merits is desirable, but under these

circumstances, default judgment is warranted.  I therefore grant SFR's motion for a default judgment against Flores.

### E.  Remaining Damages Claims

Nationstar's damages claims against Absolute and Fiesta remain pending because no party moved for summary judgment on them and because the question of whether the deed of trust survived the HOA sale has not been resolved.  Judge Weksler recommends that I enter default judgment against Absolute because Absolute failed to comply with the court's orders and did not retain counsel.

I accept but modify Judge Weksler's recommendation. LR IB 3-2(b) (stating that a district judge "may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations").  Instead of entering default judgment against Absolute, I will direct the clerk of court to strike Absolute's answer and enter default against it.  But I decline to enter default judgment at this time.  First, I have no basis on which to enter default judgment as to any monetary amount.  Second, because it is possible that the deed of trust survived the sale, Nationstar's damages claims against Absolute may become moot, in which case a default judgment against Absolute would be inappropriate.

## II. CONCLUSION

I THEREFORE ORDER that defendant SFR Investments Pool 1, LLC's motion for summary judgment **(ECF No. 73) is DENIED**.

I FURTHER ORDER that cross claimant SFR Investments Pool 1, LLC's motion for default judgment **(ECF No. 75) is GRANTED**.  I declare that the homeowners association's non-judicial foreclosure sale conducted on December 11, 2012 extinguished any interest Tracey L. Flores had in the property located at 5638 Via Victoria Street in North Las Vegas, Nevada.

I FURTHER ORDER that plaintiff Nationstar Mortgage LLC and counterdefendant U.S. Bank National Association's motion for summary judgment **(ECF No. 76) is GRANTED in part**. The motion is granted as to SFR Investments Pool 1, LLC's slander of title counterclaim. It is denied in all other respects.

I FURTHER ORDER that Magistrate Judge Weksler's report and recommendation **(ECF No. 80) is accepted and modified**. The clerk of court is instructed to strike defendant Absolute Collection Services LLC's answer (ECF No. 16) and enter default against this defendant.

I FURTHER ORDER that plaintiff Nationstar Mortgage LLC and counterdefendant U.S. Bank National Association's motion to join or substitute **(ECF No. 88) is DENIED**.

DATED this 16th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE